**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **EARL IVEY and DOROTHY IVEY,** <br><br> Plaintiffs, <br><br> v. <br><br> **WILLIAM F. PEARCE and HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,** <br><br> Defendants. | 1:08-cv-1840-WSD |

**OPINION AND ORDER**

The matter is before the Court on the Motion to Dismiss filed by Defendant Hartford Life and Accident Insurance Company ("Hartford") [2] and on Hartford's Motion to Supplement the Record [7].

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On April 15, 2008, Plaintiffs Dorothy Ivey and Earl Ivey (husband and wife) filed this action in the Magistrate Court of Fulton County, Georgia against defendants Hartford and William F. Pearce, who Hartford advises the Court is one of its disability analysts. On April 25, 2008, Hartford accepted service of the Complaint. Defendant Pearce has not been served and has not appeared.

Plaintiffs' one-page Complaint appears to allege breach of contract and fraud. Plaintiffs' factual allegations are, in their entirety: "Violated civil rights by refusing to honor insurance contract. Believe fraud is involved also." Compl. [1]. Plaintiffs seek $15,074.50 in damages and court costs.

On May 23, 2008, Hartford timely removed the action to this Court. Hartford based removal jurisdiction on Plaintiffs' alleged claims arising under federal law. Hartford argues Plaintiffs' claims on the insurance contract are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

On May 30, 2008, Hartford moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Hartford argues Plaintiffs have not adequately stated any common law claims because those claims are preempted by ERISA, and that Plaintiffs fail to state a claim under ERISA because the Complaint fails to allege exhaustion of administrative remedies. Hartford also asserts that Plaintiff Earl Ivey lacks standing. The Defendants attached a summary description of a group short-term disability policy (the "Policy"), issued by Hartford to GGNSC Administrative Services LLC d/b/a

Golden Living, plaintiff Dorothy Ivey's employer.  Dorothy Ivey alleged made a short-term disability claim under the Policy that was denied.

In evaluating a Rule 12(b)(6) motion to dismiss, the Court ordinarily is limited to consideration of the pleadings in the case and any documents attached to the pleadings.  Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997); Fed. R. Civ. P. 10(c) (documents attached as exhibits to pleadings considered part of the pleadings for all purposes).  If materials outside the pleadings are presented for consideration on a motion to dismiss, and those materials are not excluded by the Court, the Court is required to convert the motion to dismiss to a motion for summary judgment under Federal Rule 56.  Fed. R. Civ. P. 12(d); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1366 (3d ed. 2004).

On August 7, 2008, the Court evaluated the Defendants' Motion to Dismiss and determined that for the Court to consider the summary description of the Policy submitted by the Defendants, the Court would be required to consider the Motion to Dismiss as one for summary judgment [4].  The Court granted Plaintiffs up to and including August 29, 2008 to file any additional evidence in support of their claims.  The Clerk's Office notified Plaintiffs of their duty to respond [5].

On September 11, 2008, the Defendant moved to supplement the record before the Court with additional documents, specifically the Defendants' internal records of Plaintiffs' disability claim which was denied [7].[1]

Plaintiffs have not responded to the notice of removal or the motion to dismiss, or otherwise participated in this litigation other than by filing the Complaint. Under the Court's Local Rules, the Court deems the removal notice and the motion to dismiss unopposed. LR 7.1B, NDGa.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for

---

[1] The Defendants' Motion to Supplement [7] is granted so that the Court can better evaluate whether to grant summary judgment.

trial. Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999). The non-moving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings." Id.

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 127 S. Ct. 1769, 1776 (2007). Where the record tells two different stories, one blatantly contradicted by the evidence, the Court is not required to adopt that version of the facts when ruling on summary judgment. Id. "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. The party opposing summary judgment, "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Scott, 127 S. Ct. at 1776 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). A party is entitled to summary judgment if "the facts and inferences point overwhelmingly in favor of

the moving party, such that reasonable people could not arrive at a contrary verdict." Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (internal quotations omitted).

## III. DISCUSSION

### A. ERISA Preemption of State Law

The Defendants argue that Plaintiffs' state law claims for breach of contract and fraud related to Hartford's denial of short term disability benefits are completely preempted by ERISA. Dorothy Ivey sought coverage under a group-short term disability policy, number GRH-675675804, with an effective date of January 1, 2008, issued by Hartford to Dorothy Ivey's employer. Plaintiffs instigated this suit after Hartford denied coverage of a benefits claim.

ERISA is a "comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983). The ERISA statute contains a comprehensive "preemption clause" designed to supplant state regulations on certain plans covered by ERISA:

(a) Supersedure; effective date

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title . . . .

(b) Construction and application

. . . .

(2)(A) Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.

(B) Neither an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

29 U.S.C. § 1144.[2]  This provision causes federal ERISA law to preempt certain state laws "relating to" employee benefit plans covered under ERISA.  The phrase "relate to" means in this context that the state law must have "a connection with or reference to such a plan."  New York Conf. of BCBS Plans v. Travelers Ins. Co., 514 U.S. 645, 656 (1995).

The scope of ERISA's preemption is affected by a "savings clause," 29 U.S.C. § 1144(b)(2)(A), which excepts from preemption any state law that "regulates insurance."  Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45 (1987).  A later provision, however, states that no employee benefit plan shall be deemed an "insurance company" for the purpose of regulating insurance.  Id.; 29 U.S.C. § 1144(b)(2)(B).  "In short, when an employer establishes or maintains an employee welfare benefits plan . . . the application of ERISA and the pre-emption of state law is necessary both to protect employees' interests and to provide a uniform set of regulations to govern the plan."  Anderson v. Unum Provident Corp., 369 F.3d 1257, 1268-69 (11th Cir. 2004).

---

[2] "State law" is defined to mean, "all laws, decisions, rules, regulations, or other State action having the effect of law of any State." 29 U.S.C. § 1144(c)(1).

The Supreme Court and the Eleventh Circuit have repeatedly stated that state common law tort and contract actions asserting improper processing of claims for benefits are squarely preempted by ERISA. Swerhun v. Guardian Life Ins. Co. of Am., 979 F.2d 195, 198 (11th Cir. 1992); Pilot Life Ins. Co., 481 U.S. at 57 (preemption of state law claims for tortious breach of contract, fraud, and breach of fiduciary duties); Anderson, 369 F.3d at 1257 (preemption of state common law claims for breach of contract and fraud). "With regard to state law breach of contract claims specifically, this court and other have unanimously held that such claims are preempted by ERISA." Williams v. Wright, 927 F.2d 1540, 1549-50 (11th Cir. 1991). State law claims for fraud and misrepresentation based upon the failure of a covered plan to pay benefits also are preempted. Variety Children's Hosp. v. Century Med. Health Plan, Inc., 57 F.3d 1040, 1042 (11th Cir. 1995).

The Defendants' record of Dorothy Ivey's claim, submitted as Exhibit 3 to the Defendants' Motion to Supplement Record, establishes that Dorothy Ivey made a claim on March 6, 2008 to recover short-term disability benefits related to a right knee injury. Defs.' Mot. to Supp. at Exh. 3. Dorothy Ivey claimed to have injured her knee through a surgery on January 7, 2008 and that she was unable to perform her duties as a licensed practicing nurse. Id.

On March 7, 2008, Hartford mailed to Dorothy Ivey a letter stating that Hartford required additional documentation to evaluate her claim, specifically a health and medical history form. Hartford also advised her that since the effective date of her coverage was January 1, 2008, Hartford would need to investigate any possible preexisting conditions from October 1, 2007 on to determine if Dorothy Ivey's injury was caused by an injury outside her coverage period. Id.

Plaintiffs faxed certain medical and personnel documentation to Hartford on March 31, 2008. Hartford advised Plaintiff's spouse, Earl Ivey, who is not covered under the Policy, that Hartford would need to receive documentation from the doctor and hospital who performed the knee surgery Plaintiff claimed was disabling.

On April 11, 2008, Hartford mailed Dorothy Ivey a letter explaining that it had not received the medical records it required to evaluate her claim, and that Hartford had decided to deny and close her claim. The letter advised Plaintiffs that they could submit the necessary documentation if they wished the claim to be reopened.

On April 15, 2008, Plaintiffs filed this action in the Magistrate Court of Fulton County.

Plaintiffs' claims are preempted by ERISA. Plaintiffs allege violation of "civil rights," breach of contract, and fraud in connection with the Defendants' "refusal to honor insurance contract." Based on the record before the Court, it is clear Plaintiffs are attempting to assert state law contract and tort claims based on the Defendants' denial of Dorothy Ivey's claim for benefits. Supreme Court and Eleventh Circuit precedent support that these claims are preempted by ERISA.

### B. <u>Failure to Exhaust Administrative Remedies</u>

The Defendants also argue that Plaintiffs allegations do not adequately state a claim under ERISA because the Plaintiffs fail to allege that they exhausted their administrative remedies.

The Eleventh Circuit has repeatedly held that a plaintiff must exhaust his administrative remedies before filing suit for benefits under ERISA. <u>Variety Children's Hosp.</u>, 57 F.3d at 1042; <u>Byrd v. MacPapers, Inc.</u>, 961 F.2d 157, 160 (11th Cir. 1992). The Eleventh Circuit also generally requires a plaintiff to affirmatively plead exhaustion of administrative remedies in her complaint, or to plead the impossibility or futility of doing so. <u>Variety Children's Hosp.</u>, 57 F.3d at 1042 n.2; <u>Byrd</u>, 961 F.2d at 160 (plaintiff "did not allege anything about whether

she pursued any available relief under the claims procedures set forth in her employee benefits plan").

Plaintiffs' scant allegations in the Complaint do not mention exhaustion, and judgment for the Defendants would be appropriate on that basis alone. The Court's review of the Policy documents confirms that Plaintiffs have an administrative procedure available to contest the denial of benefits. The Policy summary provides:

> On any wholly or partially denied claim, you or your representative must appeal once to the Insurance Company for a full and fair review. You must complete this claim appeal process before you file an action in court . . . .
> . . . .
> [A]ny final adverse benefit determination on review will be in writing and include: 1) specific reasons for the decision, 2) specific reference to the Policy provisions on which the decision is based, 3) a statement that you have the right to bring a civil action under section 502(a) of ERISA, 4) a statement that you may request, free of charge, copies of all documents, records, and other information relevant to your claim . . . .

Defs.' Mot. to Dismiss, Exh. 1 at 54-55. In addition, Hartford's April 11, 2008 letter to Dorothy Ivey explained:

> The Employment Retirement Income Security Act of 1974 ("ERISA") gives you the right to appeal our

>decision and receive a full and fair review. You may
>appeal our decision even if you do not have new
>information to sent o us . . . . Once we receive your
>appeal, we will again review your entire claim, including
>any information previously submitted and any additional
>information received with your appeal. Upon completion
>of this review, we will advise you of our determination.
>After your appeal, and if we deny your claim, you then
>have the right to bring a civil action under Section 502(a)
>of ERISA.

Defs.' Mot. to Supp. at Exh. 3.

The claims record produced by the Defendants confirms that Dorothy Ivey's claim was denied on April 11, 2008. Plaintiffs filed suit four days later, without initiating an appeal of Hartford's decision. Thus it appears Plaintiffs have an administrative appeals process available to them. Since Plaintiffs' claims are completely preempted by ERISA, and since Plaintiffs did not exhaust their administrative remedies, the undisputed evidence in the record shows that Plaintiffs do not state a claim and that judgment is appropriate in favor of the Defendants. The Court's judgment in the Defendants' favor does not, however, preclude Dorothy Ivey from initiating an action under ERISA at a later date after she appeals the denial of benefits to Hartford, assuming Hartford again denies the claim.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss [2] is **GRANTED**. The Defendants' Motion to Supplement the Record [7] is also **GRANTED**.

**SO ORDERED** this 14th day of October 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE